IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| ESTATE of BECKY MCILRATH, by and through its co-administrators, JAREN DEPENNING and BEVERLY DEPENNING; JAMES HARLEY MCILRATH IV, individually and by and through the ESTATE OF BECKY MCILRATH; and G.E.M., by and through the ESTATE OF BECKY MCILRATH and her father and next friend, JAMES HARLEY MCILRATH III, <br><br> Plaintiff, <br><br> v. <br><br> THE IOWA CLINIC, P.C.; THOMAS HANSEN, M.D.; PIER OSWEILER, ARNP; ENDO PHARMACEUTICALS INC.; and ENDO HEALTH SOLUTIONS INC. <br><br> Defendants. | CASE NO. 4:19-cv-00386-JAJ-SBJ |

### PLAINTIFFS' MOTION TO REMAND TO STATE COURT

Pursuant to 28 U.S.C. § 1447(c), Plaintiffs, The Estate of Becky McIlrath, by and through its co-administrators Jaren DePenning and Beverly DePenning, et al., respectfully request the Court to remand this action to the Iowa District Court for Polk County due to lack of subject matter jurisdiction, and state:

1. In November 2017, Becky McIlrath passed away due to an overdose of Percocet, a prescription opioid.

1

2. It is undisputed that Becky was a citizen of Iowa at the time of her death. *See* 28 U.S.C. § 1332(c)(2) ("the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent.")

3. Percocet is sold by Endo Pharmaceuticals Inc. and Endo Health Solutions Inc. ("Endo").

4. The Iowa Clinic, P.C., Thomas Hansen, M.D. and Pier Osweiler, ARNP ("The Iowa Clinic Defendants") were Becky's health care providers at the time of her death and gave Becky the prescription for Percocet that took her life.

5. The Iowa Clinic, P.C. is incorporated in the State of Iowa and its principal place of business is Iowa. 28 U.S.C. § 1332(c)(1) (a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . .").

6. Plaintiffs filed this action in the Iowa District Court for Polk County, Iowa in November 2017 against Endo and The Iowa Clinic Defendants for their interrelated and tortious roles in causing Becky's overdose and death.

7. Plaintiffs generally allege Endo deliberately spread to prescribers and patients false, deceptive and misleading information pertaining to the risks and addictiveness of opioids for the treatment of chronic pain to expand the market for Endo's opioid products, including Percocet.

8. As relevant to this Motion, Plaintiffs further allege that The Iowa Clinic Defendants relied on Endo's false, deceptive and misleading information to

overprescribe opioids to treat Becky's noncancer chronic pain, resulting in a breach of the standard of care.

9. Although complete diversity is lacking on the face of the Complaint, on December 2, 2019 Endo removed this action to the Southern District of Iowa, alleging The Iowa Clinic Defendants were fraudulently misjoined and procedurally misjoined. *See* 28 U.S.C. § 1332(1) (federal courts have original jurisdiction in civil actions "between citizens of different States" where the amount in dispute exceeds $75,000); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89, 126 S. Ct. 606, 613, 163 L. Ed. 2d 415 (2005) (holding that 28 U.S.C. § 1332(1) requires "complete diversity between all plaintiffs and all defendants.").

10. However, the fraudulent misjoinder doctrine does not apply because The Iowa Clinic Defendants were not misjoined, let alone "egregiously" misjoined, such that the citizenship of the Iowa Clinic Defendants should be ignored. The claims against Endo and The Iowa Clinic Defendants arise out of the same transaction, occurrence, or series of transactions or occurrences and involve common questions of law and fact because the factual allegations are logically related and inextricably intertwined. *See* Iowa R. Civ. P. 1.233; *see also* Fed. R. Civ. P. 20(a).

11. Further, any questions concerning severance and/or procedural misjoinder should be addressed by the state court on remand, as is preferred by the Eighth Circuit. *See In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 623–24 (8th Cir. 2019). If this Court decides to address severance and/or procedural misjoinder prior to remand, the court should reject both arguments because all defendants were

3

properly joined and consolidating the cases promotes judicial economy and severance would prejudice Plaintiffs.

12. A conditional transfer order concerning this action has been filed in MDL 2804 (CTO-126), and Plaintiffs have filed a Notice of Opposition and will move to vacate CTO-126 pursuant to Rule 7.1(f) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation.

13. This Court is in the best position to address the Court's subject matter jurisdiction and need not wait for the MDL Panel to rule on the pending conditional transfer order. *See* R. Proc. J. P.M. L. 2.1(d) (a "conditional transfer order "does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court."); *Anne Arundel County v. Purdue Pharma L.P. et al*, 2018 WL 1963789, at *3 (D. Md. 2018) (quoting *Stephens v. Kaiser Found. Health Plan of the Mid-Atl. States, Inc.*, 807 F. Supp. 2d 375, 381 (D. Md. 2011)) ("Motions for remand are particularly appropriate for resolution by this Court because 'if this Court does not have jurisdiction over th[e] matter, then neither will the MDL court.' ").

14. Plaintiffs are contemporaneously submitting a brief in support of their Motion for Remand, which is incorporated as if fully set forth herein.

**WHEREFORE**, Plaintiffs respectfully request the Court enter an order remanding this action to the Iowa District Court for Polk County.

Respectfully submitted,

/s/ *Scott M. Wadding*
Scott M. Wadding  AT0010447

4

Sease & Wadding<br>
104 Southwest Fourth Street<br>
Des Moines, Iowa 50309<br>
Telephone: (515) 883-2222<br>
Facsimile: (515) 883-2233<br>
swadding@seasewadding.com<br>
ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2019, I electronically filed the foregoing document with the Clerk of Court using the EDMS system which sent notifications of said filing to all EDMS participants.