**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| ESTATE OF BECKY MCILRATH, by and through its co-administrators, JAREN DEPENNING and BEVERLY DEPENNING; JAMES HARLEY MCILRATH IV, individually and by and through the ESTATE OF BECKY MCILRATH; and G.E.M., by and through the ESTATE OF BECKY MCILRATH and her father and next friend, JAMES HARLEY MCILRATH III,<br><br>    Plaintiffs,<br><br>vs.<br><br>THE IOWA CLINIC, P.C.; THOMAS HANSEN, M.D.; PIER OSWEILER, ARNP; ENDO PHARMACEUTICALS, INC.; and ENDO HEALTH SOLUTIONS,<br><br>    Defendants. | Case No. 4:19-cv-00386-JAJ-SBJ<br><br>DEFENDANTS THE IOWA CLINIC, DR. THOMAS HANSEN, AND PIER OSWEILER, ARNP's BRIEF IN SUPPORT OF THEIR MOTION TO REMAND |

Defendants The Iowa Clinic, P.C.; Dr. Thomas Hansen; and Pier Osweiler, ARNP (collectively "Iowa Clinic Defendants"), provide the following in support of their Motion to Remand after severance.

## I. Introduction

There is not complete diversity to support subject matter jurisdiction in this Court. Defendants Endo Pharmaceuticals, Inc. and Endo Health Solutions (collectively "Endo") have not carried their heavy burden to show Plaintiffs fraudulently misjoined the Iowa Clinic Defendants to allow the Court to ignore the citizenship of the Iowa Clinic Defendants.

1

The Iowa Clinic Defendants do agree, however, that the claims against Endo should be severed from the claims against the Iowa Clinic Defendants. This will allow the claims against Endo to proceed in the more efficient multi-district litigation ("MDL").

The Iowa Clinic Defendants seek remand of the claims against them to state court after severance.

## II. This Court should rule on the issue.

This case has been "conditionally transferred" to an MDL in the Northern District of Ohio, *In re: National Prescription Opiate Litigation*, MDL No. 2804. The Conditional Transfer Order (CTO-126), pertaining to 15 cases (including this one) was entered December 13, 2019. Several parties, including Plaintiffs and the Iowa Clinic Defendants in this case, have filed Oppositions in the MDL to CTO-126. The MDL clerk has set the deadline for Motions to Vacate transfer under CTO-126 for January 6, 2020.

The MDL proceedings do not preclude this Court from ruling on motions. A conditional transfer order "does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court." Rules for MDL 2.1(d). In addition, if this Court has no subject matter jurisdiction, the MDL Court has no jurisdiction either. *See Stephens v. Kaiser Found. Health Plan of the Mid-Atl. States, Inc.*, 807 F. Supp. 2d 375, 381 (D. Md. 2011).

As the *Stephens* Court explained in similar circumstances:

> . . . despite the fact that the Judicial Panel on Multidistrict Litigation issued a conditional transfer order in this case, this court "has the authority to ... rule on the motion [to remand] before a transfer order has been issued." *Moore v. Wyeth– Ayerst Labs.,* 236 F.Supp.2d 509, 511 (D.Md.2002) (citing *Asbestos Prods. Liab. Liti.,* 170 F.Supp.2d 1348, 1349 n. 1 (Jud.Pan.Mult.Lit.2001)). Indeed, the Rules of the Judicial Panel on Multidistrict Litigation expressly provide that "[t]he pendency of a ... conditional transfer order ... before the Panel pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any

> pending federal district court action and does not limit the pretrial jurisdiction of that court." R.P.J.P.M.L. 2.1(d). More to the point, if this Court does not have jurisdiction over this matter, then neither will the MDL court. Accordingly, this Court will consider Plaintiff's Motion to Remand before addressing the Removing Defendants' Motion to Stay.

*Id.*; *see also id.* at 377.

Endo's authority on this subject does not compel deference to the MDL. For example, in *City of Galax, Virginia v. Purdue Pharma, L.P.,* 2019 WL 653010 *3 (W.D. Va. 2019), cited by Endo, the court rejected the removing parties' argument that there was a "default rule that precludes or discourages consideration of the merits of a remand motion in the face of a [Conditional Transfer Order]." In fact, the Court in *City of Galax*, concluded "the better approach is one in which the court first gives preliminary scrutiny to the merits of the motion to remand and [i]f that preliminary assessment suggests improper removal, the court should complete its analysis and remand the case, if appropriate." *Id.* (citations and internal quotations omitted)*; Id.* *4 ("this court will not continue to assert jurisdiction over a case where it finds it plainly lacking").

**III. There is not complete diversity.**

"'Complete diversity exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship.'" *In re Prempro Products Liability Lit.,* 591 F.3d 613, 620 (8th Cir. 2010); 28 U.S.C. §1332(1) (original jurisdiction exists in actions "between citizens of different States"). There is no dispute that on the face of the removed amended petition, there is not complete diversity. Notice of Removal ¶13 (describing Iowa Clinic Defendants as "non-diverse"); Removed First Amended Petition ¶¶10-12, 18.

To achieve removal, Endo must establish an applicable exception to the rule of complete diversity. "The district court [is] required to resolve all doubts about federal jurisdiction in favor of remand." *Wilkinson v. Shackelford,* 478 F.3d 957, 963 (8th Cir. 2007) (citation and internal

3

quotations omitted)(finding no fraudulent joinder and remanding to state court). Endo carries the burden to "demonstrate that removal is proper." *See Rothgeb v. Axis Group Holdings, LLC*, 2013 WL 6278639 *4 (SD Iowa 2013).

Endo argues first that the claims against the Iowa Clinic Defendants should be severed under Federal Rule of Civil Procedure 21. Notice of Removal ¶¶20-31. The Iowa Clinic Defendants agree with severance. *See* Part IV below.

Endo alternatively suggests the Iowa Clinic Defendants were "fraudulently misjoined." Notice of Removal ¶¶32-35. As Endo admits, the Eighth Circuit has yet to adopt this doctrine. *Id.* ¶33; *In re Prempro,* 591 F.3d at 622 ("We make no judgment on the propriety of the doctrine in this case, and decline to either adopt or reject it at this time."); *id.* (concluding that even if adopted, there was no fraudulent misjoinder).

While the Iowa Clinic Defendants in no way agree Plaintiffs will establish their negligence claims—or that the claims should not be severed, Endo has not established fraudulent misjoinder. That doctrine applies when the plaintiff "has no reasonable procedural basis to join [a non-diverse party] in one action because the claims bear no relation to each other [and have] no real connection." *In re Prempro*, 591 F.3d at 620 (citation and internal quotations omitted).

Plaintiffs' claims in this case have a connection. All involve opioid medications, including that the Iowa Clinic Defendants allegedly negligently prescribed the medications due, at least in part, to Endo's negligence in providing (or not providing) information about the medications. *See, e.g.,* Removed First Amended Petition ¶¶25-36; *id* ¶36 (alleging Endo's negligence caused the Iowa Clinic Defendants to negligently overprescribe to Plaintiffs' decedent). As currently pled, Iowa Code Chapter 668 applies and would allow comparison of fault between the Endo and Iowa Clinic Defendants for some claims. *See* Iowa Code §668.1(1)

(defining fault as including negligence); Removed First Amended Petition (asserting negligence claims against both Iowa Clinic Defendants (Count I) and Endo (Counts II-III);[1] *see also Stephens,* 807 F.Supp.2d 375 (finding product liability claim involving medical device and medical malpractice claim arising from implant of device satisfied Rule 20 requisites for joinder). Another way the claims are connected is that they seek damages for the same injury arising from the overdose and death of Plaintiffs' decedent. Removed First Amended Petition ¶¶3-4.[2]

Further, under the Eighth Circuit characterization of this doctrine, "egregious" or bad faith misjoinder is required. *See In re Prempro,* 591 F. 3d at 622-23. Endo has not established, and there is no evidence of, egregious misjoinder.

Endo does not appear to argue that fraudulent joinder (as opposed to "fraudulent misjoinder")[3] applies. It does not. "Fraudulent joinder exists if, on the face of plaintiff's state

---

[1] Count III is a failure to warn claim—which is a negligence action under Iowa law. *See Wright v. Brooke Grp. Ltd.*, 652 N.W.2d 159, 166 (Iowa 2002).

[2] If comparative fault does not apply for some reason, the pro tanto credit rule would apply to prevent double recovery to Plaintiffs. Where the proportionate credit rule of Iowa Code Chapter 668 does not apply, a defendant is "entitled to a dollar-for-dollar [pro tanto] credit for monies received by a plaintiff from settling parties in compensation for the plaintiff's damages." *Jamieson v. Harrison*, 532 N.W. 2d 779, 781(Iowa 1995) (citing *Greiner v. Hicks*, 300 N.W. 727 (1941)). "The policy reflected in the pro tanto credit rule is 'that the plaintiff should receive no more than has been lost as the result of some tortious act.'" *Jamieson,* 532 N.W.2d at 782 (citation omitted) (rule "is designed to prevent a double recovery"); *Federated Mut. Implement & Hardware Ins. Co. v. Dunkelberger*, 172 N.W. 2d 137, 142-43 (Iowa 1969) *overturned on other grounds by Lewis v State*, 256 N.W.2d 181 (Iowa 1977) ("We have held in several cases that plaintiff is entitled to one full recovery, and if one of the tortfeasors is sued first, whatever is recovered in that action must be offset against any recovery against the other tortfeasor in a subsequent action.").

[3] *In re Prempro Products Liability Lit.,* 591 F.3d 613, 620 (8th Cir. 2010) described fraudulent joinder as "long recognized" and where the "court considers whether there is any reasonable basis in fact or law to support a claim against a non-diverse defendant." In contrast, it described fraudulent misjoinder as a "more recent, somewhat different, and novel exception to the complete diversity rule." *Id.* In a case involving defendants related to an MDL action and medical malpractice defendants, the U.S. district court in Maryland explained:

court pleadings, no cause of action lies against the resident defendant." *Anderson v. Home Ins. Co.,* 724 F.2d 82, 84 (8th Cir. 1983) (citing *Tedder v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir. 1979) and dismissing claim against party fraudulently joined under Rule 21). "A joinder is fraudulent only when there exist no reasonable basis in fact and law supporting a claim against the resident defendants.*" Wilkinson,* 478 F.3d at 964 (citation and internal quotations omitted). While the Iowa Clinic Defendants in no way agree Plaintiffs will establish their negligence claim, Plaintiffs have articulated a recognized cause of action against them.

**IV.     Plaintiffs' claims are centered upon Endo—not the Iowa Clinic Defendants—and the Iowa Clinic Defendants may be dropped or severed.**

Plaintiffs' First Amended Petition filed in State court includes a section entitled "Statement of the Claim." That section includes only 8 paragraphs as to all Iowa Clinic Defendants but 96 paragraphs as to Endo. *See* First Amended Petition ¶¶25-125 (¶¶25-32 as to Iowa Clinic Defendants; ¶¶33-125 as to Endo). Plaintiffs describe their allegations against Endo as follows:

> The allegations asserted herein largely mirror the allegations asserted against Endo in multiple claims brought by governmental entities in other jurisdictions.

*Id.* at 6 note 1.

---

> In the context of diversity jurisdiction, there are two distinct legal doctrines, fraudulent joinder and fraudulent misjoinder, that allow courts to disregard the citizenship of non-diverse parties and retain jurisdiction. Fraudulent joinder applies when a defendant seeking removal argues that, either the complaint pled fraudulent facts, or, other defendants were joined where there is no possibility of success against those defendants. Akin to the fraudulent joinder doctrine is the newer and more ambiguous doctrine of fraudulent misjoinder, first articulated by the Eleventh Circuit in *Tapscott v. MS Dealer Service Corp.,* 77 F.3d 1353, 1360 (11th Cir.1996) (abrogated on other grounds by *Cohen v. Office Depot,* 204 F.3d 1069 (11th Cir.2000)). Fraudulent misjoinder "is an assertion that claims against certain defendants, while provable, have no real connection to the claims against other defendants in the same action and were only included in order to defeat diversity jurisdiction and removal." [citation omitted].

*Stephens v. Kaiser Found. Health Plan of the Mid-Atl. States, Inc.,* 807 F. Supp. 2d 375, 379 (D. Md. 2011) (footnote omitted). The *Stephens* Court rejected the MDL defendants' grounds for removal and granted the motion to remand. *Id.*

6

Plaintiffs assert one Count against the Iowa Clinic Defendants (Count 1- Professional Negligence) and four Counts against Endo (Counts II-V, Common Law Negligence, Failure to Warn, Common Law Fraud, and Consumer Fraud). In addition, Plaintiffs assert loss of consortium and punitive damages against all Defendants. *Id.* (Counts VI-VIII).

Endo argues the Iowa Clinic Defendants should be severed under Rule 21. The Iowa Clinic Defendants agree.

"[I]t is well settled that Rule 21 invests district courts with authority to allow a dispensable non-diverse party to be dropped at any time." *Newman-Green, Inc. v. Alfonzo-Larrain,* 490 U.S. 826, 832 (1989); *id* at 837 (holding court of appeals may also dismiss a dispensable non-diverse party); *Javed v. Shuang Zhang,* 872 F. Supp. 2d 194, 203 (N.D. N.Y. 2012) ("If one of the parties is found to upset diversity, a district court may dismiss that party and permit the plaintiff to proceed with its claims against the remaining diverse parties.") (citing Rule 21 and *Newman–Green*).

In *Sullivan v. Calvert Mem'l Hosp.*, 117 F. Supp. 3d 702, 704–05 (D. Md. 2015), the court dealt with product claims against a medical device manufacturer and medical malpractice claims arising from surgery involving the device. The medical malpractice defendants were not diverse. In addressing a motion to remand by the plaintiff and a motion to sever by the manufacturing defendant, the court stated:

> The Court has discretion, under Federal Rule of Civil Procedure 21, to drop nondiverse parties to achieve complete diversity. *See Koehler v. Dodwell,* 152 F.3d 304, 308 (4th Cir.1998). That discretion is guided by consideration of whether dismissal of the nondiverse party or parties will prejudice any of the parties remaining in the case, and whether the presence of the nondiverse party provides a tactical advantage for one party. *Newman–Green, Inc. v. Alfonzo–Larrain,* 490 U.S. 826, 838, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989).

*Id.* "The general consensus is that parties may be severed under Rule 21 even when they have been properly joined, so long as the party is not necessary and indispensable under Rule 19." *Id.* at 705. The *Sullivan* court held it could sever the two groups of defendants. *Id.* at 707; *id.* at 708 (remanding medical malpractice claims to state court after severing product claims).

Endo and the Iowa Clinic Defendants are alleged joint tortfeasors—which means they are not indispensable parties and may be severed. The Court in *Javed* held:

> "It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." *Temple v. Synthes Corp., Ltd.,* 498 U.S. 5, 7, 111 S.Ct. 315, 316, 112 L.Ed.2d 263 (1990). Therefore, as a potential joint tortfeasor, Zhang is a permissive, dispensable party. . . . Further, Javed will not be prejudiced by the dismissal of Zhang as she can pursue an action against Zhang in state court.
>
> Accordingly, Zhang's motion to dismiss for lack of subject matter jurisdiction will be granted, and she will be dismissed without prejudice.

*Javed*, 872 F. Supp. 2d at 203–04; *Bailey v. Bayer CropScience L.P.,* 563 F.3d 302, 308 (8th Cir. 2009) (agreeing joint tortfeasors are "merely permissive parties" and court had discretion to deny joinder to retain jurisdiction , citing *Temple* and Rule 21).

Severance will not cause prejudice to any party and will alleviate prejudice.

Plaintiffs' claims against Endo are—as Plaintiffs themselves state—modeled after the claims in other jurisdictions. First Amended Petition at 6 note 1. These claims belong in the MDL. The very reason for MDL proceedings is to allow efficient discovery and consistent court rulings on the same. *See In re Nat'l Prescription Opiate Litig.*, 290 F. Supp. 3d 1375, 1378 (U.S. Jud. Pan. Mult. Lit. 2017) (finding centralization "will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation"); *see also Sullivan,* 117 F.Supp.3d at 707 (finding severance of medical device manufacturers from medical malpractice

8

defendants "particularly appropriate" given it would allow transfer of product claims to an MDL).

## V. Conclusion.

For the reasons set forth above, the Iowa Clinic Defendants respectfully request that the Court remand the claims against them to State court after severance.

        /s/ Nancy J. Penner
JENNIFER E. RINDEN       AT0006606
NANCY J. PENNER         AT0006146
        for
SHUTTLEWORTH & INGERSOLL, P.L.C.
500 U.S. Bank Bldg., P.O. Box 2107
Cedar Rapids, IA 52406
PHONE:    (319) 365-9461
FAX:       (319) 365-8443
E-MAIL:    jer@shuttleworthlaw.com
             njp@shuttleworthlaw.com

ATTORNEYS FOR DEFENDANT
THOMAS HANSEN, M.D.

        /s/ Stacie M. Codr
STACIE M. CODR          AT0001502
        for
FINLEY LAW FIRM, P.C.
699 Walnut Street, Suite 1700
Des Moines, IA 50309
PHONE:    (515) 288-0145
FAX:       (515) 288-2724
E-MAIL:    scodr@finleylaw.com
ATTORNEY FOR DEFENDANTS
THE IOWA CLINIC, P.C. and
PIER OSWEILER, ARNP

Copies to:

Scott M. Wadding
Sease & Wadding
104 Southwest Fourth Street
Des Moines, IA 50309

9

E-mail:swadding@seasewadding.com
*Attorney for Plaintiffs*

J. Michael Weston
118 3rd Avenue SE, Suite 700
P.O. Box 1927
Cedar Rapids, IA 52406
E-mail:mweston@lwclawyers.com
*Attorneys for Defendants Endo Health*
*Solutions Inc. and Endo Pharmaceuticals, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of this document was served upon counsel of record for each party to the action in compliance with FRCP 5 on December 31, 2019 by:

[ ] U.S. Mail
[ ] Fax _____
[ ] Fed Ex _____
[ ] Hand Delivered _____
[ ] E-mail- Records
[x] CM/ECF _____

     **/s/ Haley Fauconniere**